IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-31415 |
| ERNETTA D. PROCTER | § | |
| | § | |
| DEBTOR(S) | § | CHAPTER 7 |

**DEBTOR(S)' EMERGENCY MOTION TO DELAY ENTRY OF DISCHARGE ORDER FOR PURPOSE OF FILING A REAFFIRMATION AGREEMENT**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Ernetta D. Procter, Debtor(s) in the above-referenced case, and Debtor(s)' Counsel respectfully request emergency consideration to delay entry of a discharge order in their case for the purpose of filing a reaffirmation agreement (the "Motion"), and respectfully state as follows:

1. On March 29, 2024, the Debtors filed a voluntary petition under chapter 7 of title 11 of the U.S. Bankruptcy Code. Dkt. 1.

2. The Section 341(a) Meeting of Creditors was held and concluded on May 8, 2024. Dkt. 5. On May 8, 2024, Randy Williams was appointed as the Chapter 7 Trustee and filed a Report of No Distribution. See Dkt. Rpt.

3. Debtors own a 2018 Toyota C-HR Utility (the "Vehicle"). Capital One Auto Finance, a division of Capital One, N.A. (the "Creditor") holds a purchase money security interest in the Vehicle.

4. On April 12, 2024, Debtors filed a Statement of Intention indicating an intention to enter into a reaffirmation agreement with Creditor. See Stmt. of Intention for Individuals Filing under Chapter 7 filed as part of Dkt. 11.

4. On June 26, 2024, Debtors executed the reaffirmation agreement with the Creditor.

5. The Creditor requested a correction to the reaffirmation agreement, and Debtor's Counsel submitted the correction to the Creditor.

6. However, the deadline to oppose the discharge in Debtors' case and the corresponding deadline to file a reaffirmation agreement is on July 8, 2024. Dkt. 5.

7. Debtor's counsel has emailed and called the Creditor to escalate this matter, but the reaffirmation agreement has not been filed as of July 8, 2024.

8. Debtors request that the Court delay entry of the discharge order until July 22, 2024, to provide an extension of the deadline to file a reaffirmation agreement with the Court.

9. Pursuant to FED. R. BANKR. P. 4008, a reaffirmation agreement shall be filed no later than sixty (60) days after the first date set for the meeting of creditors under 11 U.S.C § 341(a), and per the Committee Notes on the 2008 Amendment of Rule 4008, the reaffirmation agreement must be filed prior to entry of discharge.

10. Likewise, under Fed. R. Bankr. P. 4004, a discharge order is to be entered promptly after the expiration of the time to filing a complaint pursuant to 11 U.S.C. § 521 or §727, being no later than sixty (60) days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a). Rule 4004 provides the court discretion defer the entry of an order granting discharge for thirty (30) days or to a date certain in accordance with Fed. R. Bankr. P. 4004(c)(2). Further, per the 2008 Amendment, Rule 4004(c)(1)(J) authorizes an extension by providing for a delay in the entry of discharge during the pendency of a motion to extend the time for filing a reaffirmation agreement.

11. This request for an extension of time is neither an attempt to hinder or delay this case but to ensure that the Debtors are able to reaffirm this debt and avoid loss of property necessary for the Debtors. Also, in the interest of fairness and justice, this Motion requests to

extend the deadline for a party in interest to oppose the discharge in the above-referenced case to the same extended deadline as the date for filing a reaffirmation agreement.

WHEREFORE, the Debtors and Debtors' Counsel request this Court grant the relief requested herein and any other and further relief as is justified.

        Respectfully submitted,
        THE PRICE LAW GROUP, A.P.C.
        dba RESOLVE LAW GROUP

        */s/ Amy Bates Ames*
        Stuart M. Price
        CA Bar No. 150439
        Amy Bates Ames
        TX Bar No. 24025243
        801 Travis Street, Suite 2101
        Houston, TX 77002
        Phone: (818) 995-4540
        Fax: (818) 995-9277
        Email: enotice@pricelawgroup.com
        Email: amy@resolvelawgroup.com

        ATTORNEY FOR DEBTORS

## **CERTIFICATE OF SERVICE**

I hereby certify that this Motion was filed on July 8, 2024 and that a true and correct copy of the above-referenced Motion was electronically noticed and/or mailed via first class, U.S. mail, postage prepaid, to the Debtor, the Chapter 7 Trustee, the U.S. Trustee, all attorneys and parties-in-interest who have requested notices, to each party on the attached mailing matrix, and to the counsel or representative for the Creditor as follows.

    Capital One Auto Finance, a division of Capital One, N.A.
    AIS Portfolio Services, LLC
    4515 N Santa Fe Ave
    Oklahoma City, OK 73118
    Reaffs@aisinfo.com
    EscalatedLegalMatters@aisinfo.com

        */s/ Amy Bates Ames*
        Amy Bates Ames

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 24-31415 |
| ERNETTA D. PROCTER | § | |
| | § | |
| DEBTOR(S) | § | CHAPTER 7 |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION TO DELAY ENTRY OF A DISCHARGE ORDER FOR PURPOSE OF FILING A REAFFIRMATION AGREEMENT**

On this Date, the Court considered the Debtors' Emergency Motion to Delay Entry of a Discharge Order for Purpose of Filing a Reaffirmation Agreement (the "Motion"). The Court finds that proper notice has been given to all parties in interest and good cause exists to grant the Motion for the purpose of filing a reaffirmation agreement.

IT IS THEREFORE ORDERED that the Motion hereby is granted, and the Court shall delay entry of a discharge order until on or before July 22, 2024, unless a subsequent extension is granted of such date for just cause.